**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PHILLIP L. HUGGINS,

    Defendant-Appellant.

No. 99-3354
(D.C. No. 95-CR-10111-MLB)
(Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL**, and **MURPHY**, Circuit Judges.

    Phillip L. Huggins was convicted in a separate proceeding of six counts of distributing crack cocaine and one count of possessing crack cocaine with intent to distribute. He appealed his conviction and sentence in that proceeding in appeal number 00-3002. As a result of that conviction, his

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

supervised release on a previous firearms conviction was revoked and he was sentenced to sixteen months incarceration to be served consecutively to the sentence he received in the drug case.

Mr. Huggins now appeals the sentence imposed following revocation of his supervised release, arguing that if his drug conviction in case number 00-3002 is reversed on appeal he may be entitled to be resentenced in the supervised release proceeding. Mr. Huggins concedes in this appeal that if we affirm his conviction on the drug counts, "the sentence in this case should be affirmed." Br. of Aplt., at 8. We affirmed his conviction and sentence in case 00-3002. *See United States v. Huggins*, No. 00-3002, 2000 WL 1820477 (10th Cir. Dec. 12, 2000). Accordingly, we **AFFIRM** the sentence imposed upon revocation of his supervised release.[1]

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[1] In view of our disposition of this appeal, we do not address the government's argument that Mr. Huggins would not be entitled to review of the sentence imposed upon revocation of his supervised release even if his drug conviction were reversed on appeal.